SPAIN & HAWKINS *v.* SUSAN C. ADAMS and others.

## October Term, 1876.

DOWER AND YEAR'S ALLOWANCE — VOID ALLOTMENT. — An allotment by the County Court of land in dower, in excess of the value of the dower interest, the excess to be set off by the year's allowance and debts of the estate to be paid by the widow, is without authority, and void.

*John Lellyett*, for complainants.
*Bate & Williams*, for defendants.

THE CHANCELLOR : — On demurrer. The bill makes this case : On June 19, 1873, E. W. Adams died intestate, in this county, leaving a widow, the defendant Susan C. Adams, and one son, the defendant W. H. Adams. The defendant Susan C. was, on July 11, 1873, appointed and qualified as administratrix of her husband's estate, the said W. H. Adams and the defendant William C. Smith becoming the sureties on her bond. The administratrix suggested the insolvency of the estate to the County Court, and a report was made of claims against the estate, including complainants' claim. Pending the proceedings,

:at the January term, 1874, of the said County Court, an order was made appointing three persons named, as ·commissioners, to set apart dower to the said Susan C. Adams, as widow, out of the lands of the decedent. At the May term, 1874, the commissioners made their report, which shows that the realty of the intestate consisted of three separate lots, and that the commissioners valued the ·same thus :

House and lot No. 102 South High Street, Nashville........$ 7,000 00
Lot of 50 feet, on Broad Street...................................... 1,000 00
Lot of 96 feet on Church Street, with house thereon.......... 4,500 00
                                                                    ―――――――――
    Total..........................................................................$12,500 00

The commissioners set apart to the widow, in dower, the house and lot on High Street, which they designate as the home place, valued as above.

Home place.....................................................................$ 7,000 00
Her dower interest, one-third of $12,500...................... 4,183 33 1-3
                                                                    ―――――――――
    Leaving her indebted to the estate.....................$2,866 66 2-3

The County Court thereupon confirm this report, and ·adjudge "that the said widow have dower in the property ·on High Street as set forth in the report." The decree then recites that it appeared to the court that the widow is ·entitled, in addition to the dower, to a homestead of the value of $1,000 during her natural life, and that she has heretofore been allotted, by decree of this court, $1,500 for her year's support, which sum has not been paid her ; it is therefore further adjudged and decreed, that she be entitled to a credit of $2,500 on said sum of $2,866.66⅔, leaving due to the estate, from her, $366.66⅔. And it is decreed that the interest in the realty thus given relate back to the date of the death of the said E. W. Adams, on June 19, 1873, thus entitling her to the rents and benefits of said property since that date. The decree concludes

thus : " Should the said widow pay debts of the estate out of her own means, the court is of opinion, and so decrees, that she will be entitled to a credit for the same against said estate."

The records of the county court show that on July 21, 1873, a report of commissioners to set aside a year's support for the said Susan C. Adams, as widow of E. W. Adams, was made and confirmed. The report simply says that the commissioners name the amount, as follows :

| | |
|---|---:|
| Buggy and harness .....................................................$ | 175 00 |
| Money................................................................................. | 1,325 00 |
| Total.............................................................................. | $1,500 00 |

The complainants, as creditors of the estate of E. W. Adams, filed this bill, on January 1, 1876, for themselves, and for all other creditors who may choose to come in and make themselves parties, to set aside these proceedings as fraudulent, unlawful, and void.　They expressly charge " that the same are a device to hinder, delay, and defeat creditors of the intestate ; that the consent of the administratrix to said proceedings is a breach of trust, and conversion and waste of the estate, for which, unless set aside, she and her sureties are answerable."　The bill further charges that the complainants were not parties to the proceedings, and had no notice of them, either in respect to the assignment of dower, the assignment of homestead, or the year's support, or its appropriation to the balance on the real estate assigned to the widow.　It further charges that the proceedings for the assignment of dower were not according to law, neither the county surveyor, nor his deputy, nor any other competent person being appointed to act with the commissioners in the assignment ; nor, of course, were the commissioners sworn by such surveyor.　Nor did the commissioners exhibit, in their report, a plat of the dower, or plainly set the same forth by metes and bounds,

according to law. That the proceedings and report are otherwise irregular and unlawful.

The prayer of the bill is that the proceedings of the County Court in respect to the year's support, dower, and homestead be set aside ; that only such allowance of dower be made as the law requires, and that the residue of the estate be sold for the payment of debts.

Perhaps the allegation of this bill that the proceedings complained of were a device to hinder, delay, and defeat the creditors of the estate, the administratrix herself having suggested its insolvency, is sufficient to give this court jurisdiction, and to require the overruling of the demurrer filed. But upon another ground the jurisdiction is clear. The proceedings assigning dower and homestead are void on their face.

I do not place my ruling upon the failure to comply with the requirements of the Code, secs. 2411, 2412, which expressly directs the allotment to be made by appointing two freeholders or householders of the county to set apart the dower, " in connection with" the county surveyor, his deputy, or other competent person, to be appointed by the court. If the court has acquired jurisdiction by the notice to the heirs and representative prescribed by section 2408, a failure to rigidly comply with these requirements may be a mere irregularity, waived by the parties having notice. But the notice is indispensable to give validity to the proceedings as against the persons required to be notified. These are the heirs and personal representative,—the first, to look to their own interest as holding the fee by descent ; the other, to protect the interest of creditors. If the widow claiming dower is also the personal representative, it is obvious that the reason why the allotment of dower may be summarily made upon simple notice to the personal representative fails ; for sl.e cannot be both plaintiff and defendant in the same suit. In such a case, the summary jurisdiction conferred upon the County Court necessarily fails,

if the creditors be interested, as they are whenever the estate is insolvent. In such a case the application for dower must be made to this court, or, if to the County Court, in the insolvent case in which the realty is sought to be subjected to the payment of debts, so that the creditors themselves may have notice. The creditors would then have the notice direct, which they receive in other cases through the personal representative.

Be this as it may, the County Court has no jurisdiction to allot dower except in specific property by metes and bounds. Code, secs. 2398, 2403, 2417; *James* v. *Fields*, 5 Heisk. 394. It cannot allot, in dower, realty to the value of one dollar more than the dower interest. There is not a particle of statutory authority, and it has none other, which gives the County Court power to take from the heirs or creditors any portion of the realty beyond the dower, and compel them to receive pay therefor in money. It is equally certain that the County Court cannot set off the year's support, or any part of it, in the inheritance of the heir. By the Code, sec. 2285, the year's allowance must be set apart out of " the crop, stock, provisions, moneys on hand or due, or other assets ; " that is, out of specific personal property. *Bayless* v. *Bayless*, 4 Coldw. 359. And I am not aware of any law which confers upon the County Court power to make an allowance for a homestead. The whole proceedings, undertaking to allot dower, are void. It need scarcely be added that the final clause of the decree, declaring the administratrix entitled to credit against the estate for debts paid by her, is void also, the matter being *coram non judice* under an application to allot dower.

The demurrer must be overruled.